United States District Court
Southern District of Texas
**ENTERED**
November 30, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBERT KRUSZYNSKI, §
§
        Plaintiff, §
§
v. § CIVIL ACTION NO. H-16-1115
§
SGS NORTH AMERICA INC., §
§
        Defendant. §

### MEMORANDUM OPINION AND ORDER

Plaintiff, Robert Kruszynski, brings this action against defendant, SGS North America Inc., for negligence and gross negligence under Texas law. Plaintiff seeks damages for injuries sustained to his knee while working for the defendant.[1] Pending before the court is Defendant SGS North America Inc.'s Motion for Summary Judgment (Docket Entry No. 12). For the reasons explained below, defendant's motion for summary judgment will be granted.

### I. Factual and Procedural Background

Plaintiff was employed by defendant at a refinery in Baytown, Texas. Plaintiff alleges that he

> was working on Defendants provided equipment when the equipment became unsafe causing [him] to slip, fall, and injure his knee. As a result of Defendant's failure to

---

[1]Plaintiff's Original Petition, Exhibit A attached to Defendant's Notice of Removal ("Notice of Removal"), Docket Entry No. 1-1, p. 3 ¶ 7.

use reasonable care in maintaining the equipment, Plaintiff has been damaged and has suffered an injury.[2] Plaintiff alleges that "Defendant had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein,"[3] and that "Plaintiff's injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty."[4] Plaintiff allegedly sustained the injuries at issue on or about October 22, 2013,[5] and undisputed facts show that on that date defendant was subscribed to Texas workers' compensation insurance.[6]

On October 22, 2015, plaintiff filed suit in County Court at Law No. 2 for Harris County, Texas (Cause No. 1069193).[7] On

---

[2]Id.

[3]Id. ¶ 8.

[4]Id. ¶ 9.

[5]Plaintiff's Response to Defendant's Motion for Summary Judgment ("Plaintiff's Response"), Docket Entry No. 13, p. 1 ¶ 4. See also Supporting Affidavit of Plaintiff ("Plaintiff's Affidavit"), Docket Entry No. 13-1; Affidavit of Robert Franks ("Franks Affidavit"), Exhibit A to Defendant SGS North American Inc.'s Motion for Summary Judgment ("Defendant's MSJ"), Docket Entry No. 12-1, ¶¶ 3-4 (acknowledging that plaintiff worked at defendant's Baytown refinery and allegedly sustained a knee injury on October 22, 2013).

[6]Affidavit of Lauren Daloisio, Exhibit D to Defendant's MSJ ("Daloisio Affidavit"), Docket Entry No. 12-4, ¶ 5; Affidavit of William Rheaume ("Rheaume Affidavit"), Exhibit F to Defendant's MSJ, Docket Entry No. 12-6, ¶¶ 3-5.

[7]Plaintiff's Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 1-1, ¶ 4. See also Plaintiff's Response, Docket Entry No. 13, p. 2 ¶ 5.

March 14, 2016, plaintiff requested issuance of citation directed to SGS Petroleum Services Group, and addressed to Lauren Daloisio, 201 Route 17 North, 7th Floor, Rutherford, NJ 07070.[8] The citation was delivered on April 4, 2016, but was signed for by a person other than the addressee.[9]

On April 25, 2015, defendant filed in state court a plea to the jurisdiction, special exceptions, and an original answer that included the assertion of various affirmative defenses including limitations.[10] On the same date defendant removed plaintiff's action to this court asserting diversity jurisdiction.[11] On October 21, 2016, defendant filed the pending motion for summary judgment.[12] On November 7, 2016, plaintiff filed Plaintiff's Response,[13] and on November 14, 2016, defendant filed Defendant SGS

---

[8] Return of Citation, Exhibit E to Defendant's MSJ, Docket Entry No. 12-5, p. 2.

[9] Id. at 5.

[10] Defendant's Plea to the Jurisdiction and, Subject Thereto, Special Exceptions and Original Answer, Exhibit B to Notice of Removal, Docket Entry No. 1-2, p. 6 ("Statute of Limitations. Plaintiff failed to institute and serve his suit within the time required by the applicable statute of limitations, Plaintiff did not exercise diligence in securing service after his suit was filed, and Plaintiff's action should be dismissed with prejudice.").

[11] Notice of Removal, Docket Entry No. 1, p. 1 ¶ 4.

[12] Defendant's MSJ, Docket Entry No. 12.

[13] Plaintiff's Response, Docket Entry No. 13.

North American Inc.'s Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment.[14]

## II. Standard of Review

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment. Fed. R. Civ. P. 56(c). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 106 S. Ct. at 2553-2554). If the moving party meets this burden, Rule 56(c) requires the nonmovant

---

[14]Defendant SGS North America Inc.'s Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment ("Defendant's Reply"), Docket Entry No. 14.

to go beyond the pleadings and show by admissible evidence that specific facts exist over which there is a genuine issue for trial. Id. Factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Id.

### III. Analysis

Defendant moves for summary judgment arguing that plaintiff's claim is barred by limitations and by the exclusive remedy provision of the Texas Worker's Compensation Act.[15]

### A. Plaintiff's Claim is Barred by Limitations

Plaintiff has alleged a claim for personal injury caused by the defendant's negligence under Texas law. Plaintiff's state law personal injury claim for negligence is controlled by Texas' two-year statute of limitations. Tex. Civ. Prac. & Rem Code § 16.003. Citing Gant v. DeLeon, 786 S.W.2d 259 (Tex. 1990), defendant argues that "plaintiff's personal injury claim is barred for failure to accomplish service within the statute of limitations."[16]

#### 1. Applicable Law

In order to bring suit within the applicable limitations period, a Texas plaintiff must both file suit within the

---

[15]Defendant's MSJ, Docket Entry No. 12, p. 1 ¶ 2.

[16]Id. at 5.

limitations period and use due diligence to serve the defendant with process. Gant, 786 S.W.2d at 260. See also Burrell v. Newsome, 883 F.2d 416, 419 (5th Cir. 1989) ("Under Texas law, filing of suit does not interrupt limitations unless diligence is exercised in procuring issuance and service of citation."). If a plaintiff files suit within the limitations period, but serves the defendant after the limitations period has expired, the date of service relates back to the date of filing only if the plaintiff exercises due diligence in obtaining service. Gant, 786 S.W.2d at 259-260. "Summary judgment may be granted when service of suit on the defendant is accomplished beyond the limitations period." Belleza-Gonzalez v. Villa, 57 S.W.3d 8, 11 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (citing Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 830 (Tex. 1990)). "[D]elay in the service of defendant will provide cause for dismissal of the plaintiff's petition only when the plaintiff failed to exercise due diligence in attempting to accomplish service." Id. (citing Murray, 800 S.W.2d at 830).

The defendant bears the burden to establish the limitations defense. Belleza-Gonzalez, 57 S.W.3d at 11 (citing Murray, 800 S.W.2d at 830). When, as here, a defendant has affirmatively pleaded the defense of limitations and shown that the plaintiff failed to timely serve the defendant, the burden shifts to the plaintiff to explain the delay. Murray, 800 S.W.2d at 830. Once

the plaintiff presents an explanation, the burden shifts back to the defendant to show why that explanation is insufficient as a matter of law. Id. If the plaintiff shows diligence, the defendant must show why that exercise was insufficient to relate the date of service back to the date of filing. Belleza-Gonzalez, 57 S.W.3d at 11. See also Carter v. MacFadyen, 93 S.W.3d 307, 313 (Tex. App.—Houston [14th Dist.], 2002, pet. denied).

A plaintiff is not required to use the highest degree of diligence to procure service, but is required to use the degree of diligence that "an ordinarily prudent person would have used under the same or similar circumstances." Belleza-Gonzalez, 57 S.W.3d at 12 (quoting Reynolds v. Alcorn, 601 S.W.2d 785, 788 (Tex. Civ. App.—Amarillo 1980, no writ)). "Generally, the question of diligence is a question of fact, but if no excuse is offered for a delay in the service of citation, 'or if the lapse of time and the plaintiff's acts are such as conclusively negate diligence, a lack of diligence will be found as a matter of law.'" Id. (quoting Webster v. Thomas, 5 S.W.3d 287, 289 (Tex. App.—Houston [14th Dist.] 1999, no pet.)). "Lack of due diligence in serving process on a defendant has been found as a matter of law after a five and four-fifths month delay. . . In fact, several Texas courts have held that delays of more than a few months negate due diligence as a matter of law." Id. at 11.

2. <u>Application of the Law to the Facts</u>

Defendant argues that even if plaintiff filed suit within the limitations period, plaintiff's claims are still subject to dismissal because plaintiff did not exercise due diligence in effecting service of process. Defendant argues that plaintiff failed to exercise due diligence to effect service because

> Plaintiff did not even attempt to serve Defendant within or at any time near th expiration of the statute of limitations, and his dilatory efforts to effect service were still improperly executed. Service was untimely, Plaintiff's efforts show a lack of diligence, and his suit is accordingly barred.[17]

In support of this argument defendant offers evidence showing that

> Plaintiff filed suit on the two year anniversary of his alleged accident, the date when the statute of limitations expired. Plaintiff waited over four months to even request issuance of the citation. Even after requesting citation, Plaintiff requested an incorrect citation which he then failed to properly deliver. Specifically, when the citation finally issued, it was directed to an incorrect entity and addressed to a representative not authorized to accept service. When the citation was eventually mailed more than five months after the limitation period expired, it also was not signed for by the addressee as required.[18]

Plaintiff responds that her personal injury claim is not barred for failure to accomplish service within the statute of limitations because the facts of this case are distinguishable from those of <u>Gant</u> where "Plaintiffs waited approximately 37 months to effectively serve the defendants, and they couldn't explain the

---

[17]<u>Id.</u> at 6 ¶ 17.

[18]<u>Id.</u> at 5-6 ¶ 16.

long gap between filing and the time of service."[19] Plaintiff argues that defendant's motion for summary judgment on limitations should be denied because

> Plaintiff timely filed suit, and a mere 4 months elapsed before Defendants were served. . . . Unfortunately, Defendants make this argument for the first time, and have waived that argument when the[y] filed their answer and then their subsequent removal to the Federal Court with never filing a Special Exception or making a Special Appearance. Additionally, Plaintiff[']s counsel had a genuine belief that service had been requested and issued at the time of filing. It was later discovered that the District Clerk[']s Office had not received or issued the requested service as Plaintiff's counsel had thought. Therefore there [was] no long period of unexplained gaps and Defendant has not been harmed or prejudiced by this minor 4 month gap between filing and service.[20]

The undisputed facts in this case are comparable to those in Boyattia v. Hinojosa, 18 S.W.3d 729, 732-734 (Tex. App.—Dallas 2000, pet. denied), where the plaintiff similarly filed a lawsuit the day before the statute of limitations expired, the clerk's office failed to forward the citation for service, and the plaintiff allowed a period of time to lapse before taking any action to insure that the defendants were properly served. In Boyattia the court held that the clerk's failure to issue citation within three months was unreasonable and that the plaintiff's failure to take any actions to effect service during the clerk's three-month delay constituted a lack of diligence as a matter of law. Id. at 734 ("We conclude Boyattia's failure to act during the

---

[19]Plaintiff's Response, Docket Entry No. 13, pp. 4-5 ¶ 15.

[20]Id. at 5 ¶ 16.

clerk's three-month delay constitutes a lack of diligence as a matter of law."). Here, there is no evidence that plaintiff's counsel took any action to insure that service was properly effected from October 22, 2015, the day the case was filed, until March 14, 2016, when citation was requested. Instead, the plaintiff has presented an affidavit stating that "[a]fter filing suit, my lawyer attempted service and eventually realized that the district clerk's office had never received or issued service. As soon as he realized this, he immediately issued a new request for service and the Defendants were served timely."[21]

Defendant objects to the Plaintiff's Affidavit as inadmissible hearsay pursuant to Federal Rule of Evidence 802 because an affidavit opposing a motion for summary judgment must be made on personal knowledge. Missing from Plaintiff's Affidavit is any statement explaining how plaintiff had — or why plaintiff should reasonably be expected to have had — personal knowledge about his counsel's efforts to serve the defendant. Because Plaintiff's Affidavit does not show that plaintiff had personal knowledge of any attempt his counsel made to effect service on the defendant, defendant's objection to those portions of Plaintiff's Affidavit that describe his counsel's efforts to serve the defendant is meritorious and is **SUSTAINED**.

---

[21]Plaintiff's Affidavit, attached to Plaintiff's Response, Docket Entry No. 13-1, pp. 1-2.

Plaintiff fails to present evidence that his counsel made any effort to serve the defendant for the four-and-a-half-month period between October 22, 2015, when this action was filed, and March 14, 2016, when citation was requested. Moreover, defendant was not served until April 4, 2016. Although plaintiff argues that his counsel attempted to serve the defendant, plaintiff fails to describe any actions that his counsel took to attempt service, fails to say when his counsel realized that the defendant had not been served, and fails to offer any reason for the five-and-a-half-month delay from October 22, 2015, to April 4, 2016, to effect service on the defendant. Plaintiff's unexplained failure to take any action for the four-and-a-half-month period from October 22, 2015, to March 14, 2016, when citation was requested, and failure to effect service on the defendant until April 4, 2016, constitute a lack of diligence as a matter of law. Boyattia, 18 S.W.3d at 734 (unexplained three-month period of delay constituted lack of diligence as a matter of law); Webster, 5 S.W.3d at 290 ("[W]e are comfortable holding, as a matter of law, that a four month and ten day delay amounts to a lack of diligence, if coupled with no efforts or insufficient efforts to procure citation and service."). Accordingly, the court concludes that the claims asserted in this action are barred by limitations because the date that service was effected on the defendant does not relate back to the date that Plaintiff's Original Petition was filed.

B.  **Plaintiff's Claim is Barred by the Exclusive Remedy Provision of the Texas Workers' Compensation Act**

Defendant also argues that plaintiff's personal injury claim is barred by the exclusive remedy provision of the Texas Workers' Compensation Act because

> [i]n the instant case, Plaintiff was employed by Defendant at the time he claims that he became injured at work. At all relevant times, Defendant carried an insurance policy that provided workers' compensation coverage to its employees. Therefore, Plaintiff is barred from bringing this personal injury lawsuit against Defendant, and summary judgment in Defendant's favor is appropriate.[22]

Plaintiff responds that his personal injury claim is not barred by the exclusive remedy provision of the Texas Workers' Compensation Act because

> Texas courts have . . . held that where there is an issue of who manufactured or assembled the equipment used in the employee injury, then the Employer is not protected under the "exclusive remedy" doctrine and Plaintiff may proceed with their suit and or [proceed] to discover the information necessary to obtain the liable party as to the equipment.[23]

Asserting that the discovery period is not due to end until February of 2017, plaintiff argues that his

> counsel has been tied in multiple jury trials for a majority of the time this year delaying some of the discovery requests being sent out to identify the products and equipment that Defendant is believed to have

---

[22]Defendant's MSJ, Docket Entry No. 12, p. 7 ¶ 20 (citing Franks Affidavit, Exhibit A to Defendant's MSJ, Docket Entry No. 12-1; Daloisio Affidavit, Exhibit D to Defendant's MSJ, Docket Entry No. 12-4; Rheaume Affidavit, Exhibit F to Defendant's MSJ, Docket Entry No. 12-6).

[23]Plaintiff's Response, Docket Entry No. 13, pp. 5-6 ¶ 18.

contributed to the assembly and or manufacturing of that item. To grant summary judgment while this genuine issue of material fact still exists would be improper.[24]

Plaintiff has failed to cite and the court has failed to find any authority supporting plaintiff's argument that an employer is not protected by the exclusive remedy provision of the Texas Workers' Compensation Act "where there is an issue of who manufactured or assembled the equipment used in the employee injury."[25]

Plaintiff asserts negligence and gross negligence claims against defendant for its alleged role in failing to maintain equipment that caused him to fall and injure his knee.[26] Plaintiff's claims are barred by the exclusive remedies provision of the Texas Workers' Compensation Act, Texas Labor Code § 408.001(a) ("Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage . . . for . . . a work-related injury sustained by the employee.").

> Under Texas's [workers' compensation] scheme, employees covered by subscriber-purchased policies receive compensation on a no-fault basis, and, in exchange, subscribing employers benefit from an exclusive remedy provision. This provision prevents employees from suing subscribers for negligence.

Patterson v. Mobil Oil Corp., 335 F.3d 476, 480 (5th Cir. 2003), cert. denied, 124 S. Ct. 1071 (2004). In addition,

---

[24] Id. at 6 ¶ 19.

[25] Id. at 5 ¶ 18.

[26] Plaintiff's Original Petition, Exhibit A attached to Notice of Removal, Docket Entry No. 1-1, ¶ 7.

> the common law liability of [a subscribing] employer cannot be stretched to include accidental injuries caused by the gross, wanton, willful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of genuine intentional injury.

Reed Tool Co. v. Copelin, 689 S.W.2d 404, 406 (Tex. 1985). Because plaintiff alleges that he sustained the injury for which he seeks damages while working for the defendant, and the defendant has presented undisputed evidence that it was a valid workers' compensation insurance subscriber when plaintiff alleges he sustained the injury at issue, defendant is entitled to summary judgment on plaintiff's claims for negligence and gross negligence because those claims are barred by the exclusive remedy provision of the Texas Workers' Compensation Act. See Ward v. Bechtel Corp., 102 F.3d 199, 203-04 (5th Cir. 1997) (holding that Texas Workers' Compensation Act barred plaintiff's negligence claims).

## IV.  Conclusions and Order

For the reasons explained above, Defendant's Motion for Summary Judgment (Docket Entry No. 12) is **GRANTED**.

**SIGNED** at Houston, Texas, this 30th day of November, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE